IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRIC OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERMAIN HERNANDEZ, individually and on behalf of similarly situated individuals, § § § § | | |
| Plaintiff, § | | |
| v. § | Cause No. 4:22-cv-3077 | |
| § | | |
| SUPERIOR WALL SYSTEMS, INCORPORATED, SUPERIOR WALL SYSTEMS, INC., and BRIAN DONALDSON, § § § § | A Jury is Demanded | |
| Defendants. | | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND
REQUEST FOR NOTICE TO SIMILARLY SITUATED INDIVIDUALS**

Superior Wall Systems, Incorporated, ("Superior Wall"), Superior Wall Systems, Inc. ("Superior Wall Inc."), and Brian Donaldson, ("Donaldson"), operate a business plan that includes requiring their construction workers to work more than 40 hours per week without paying an overtime premium for those hours over 40. Defendants gain an unfair advantage over their competitors who follow the law and play by the rules. Plaintiff Germain Hernandez is one of those workers who worked more than forty hour weeks but was not paid an overtime premium. Mr. Hernandez brings this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act. Because there are similarly situated individuals who also work for these Defendants and who are not paid overtime, Mr. Hernandez requests that the Court permit him to provide notice to such similarly situated individuals.

## Facts Supporting Relief

## Allegations related to Plaintiff's and Similarly Situated Individuals

1. Germain Hernandez worked for Superior Wall Systems, Incorporated, Superior Wall Systems, Inc., and Brian Donaldson beginning in the year 2000 through July 28, 2022, when Defendants terminated his employment.

2. Mr. Hernandez and similarly situated individuals worked construction on commercial buildings. Mr. Hernandez's duties included, but were not limited to framing, painting, installing sheetrock, installing doors and ceilings. His co-workers shared similar duties.

3. Mr. Hernandez and similarly situated individual were required to report to work at 7:00 a.m. every morning, six days a week. Mr. Hernandez and similarly situated individuals worked until 6:30 p.m. every day, with 30 minutes for lunch.

4. Mr. Hernandez and similarly situated individuals regularly worked in excess of 40 hours per week. Based on his schedule, Mr. Hernandez worked upwards of 66 hours per week.

5. Defendants paid Mr. Hernandez and similarly situated individuals by the hour. Defendants paid Mr. Hernandez $20.00 per hour.

6. Defendants did not pay Mr. Hernandez and similarly situated individuals an overtime premium for any of the hours that they worked in excess of 40 in a workweek.

7. Mr. Hernandez worked alongside numerous other individuals in the company that regularly worked over 40 hours per week, were paid hourly, but not paid an overtime premium.

8. Brian Donaldson is an owner/executive of Superior Wall Systems, Incorporated and Superior Wall Systems Inc. Mr. Donaldson is a person who had and exercised control over the work that Mr. Hernandez and similarly situated individuals did on a daily basis. Mr. Donaldson was responsible for how the work was done, scheduling of work for Mr. Hernandez and similarly

situated individuals, and the manner of their compensation. Mr. Donaldson is the person who made the decision to pay Mr. Hernandez and similarly situated individuals on an hourly basis, but no pay an overtime premium for hours they worked over 40 in each week.

## Allegations Regarding FLSA Coverage

9. Defendant Superior Wall Systems, Incorporated., is a Texas domestic for-profit corporation that is covered by and subject to the overtime provisions of the FLSA.

10. Defendant Superior Wall Systems, Inc., is a Texas domestic for-profit corporation that is covered by and subject to the overtime provisions of the FLSA.

11. During each of the three years prior to this complaint being filed, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

12. During each of the three years prior to this complaint being filed, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

13. During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

14. During each of the three years prior to this complaint being filed, Defendants' employees used or handled goods, tools, equipment and/or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

## Mr. Hernandez's Claims

15. Defendants were legally required to pay Plaintiff and all similarly situated individuals overtime pay for all hours that these individuals worked for Defendants in excess of 40 in any workweek.

16. Mr. Hernandez and similarly situated individuals worked over 40 hours in most of the workweeks that they worked for Defendants.

17. Similarly situated individuals worked over 40 hours in most of the workweeks that they worked for Defendants.

18. Defendants did not pay Mr. Hernandez or similarly situated individuals time-and-a-half for any of the overtime hours that they worked for Defendants. Defendants' underpayment of the Mr. Hernandez and similarly situated individuals, often referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to other construction businesses that pay their employees all of the money required by law.

19. Donaldson controlled the manner in which Mr. Hernandez and similarly situated individuals were compensated and was directly responsible for the fact that they were paid a piece-rate with no overtime pay. Donaldson knew that Mr. Hernandez and similarly situated individuals regularly worked more than 40 hours per week and were not paid overtime pay. Despite knowing what the law required, Donaldson continued his company's illegal practices. Donaldson was also individually an employer, as that term is defined under the FLSA, of the Mr. Hernandez and similarly situated individuals and all other Superior Wall employees.

20. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Mr. Hernandez and

similarly situated individuals. Such practice was and continues to be with regard to Mr. Hernandez and similarly situated individuals, a clear violation of the FLSA.

## Cause of Action
## Violation of the FLSA – Failure to Pay Overtime Wages Owed

21. Defendants violated the FLSA by not paying Mr. Hernandez and similarly situated individuals overtime pay for hours worked over 40 per workweek.

22. Mr. Hernandez and similarly situated individuals have suffered damages as a direct result of Defendants' illegal actions.

23. Defendants are liable to Mr. Hernandez and similarly situated individuals for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Request for Notice to Similarly Situated Individuals

24. The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the similarly situated individuals; that is, paying employees on an hourly basis without paying them overtime pay for the hours over 40 that they worked each workweek. This generally applicable policy is prohibited by the FLSA. Mr. Hernandez's experiences are typical of the experiences of the similarly situated individuals.

25. The group of similarly situated individuals is properly defined as:

**All individuals who are/were employed as construction workers by Superior Wall Systems, Incorporated, Superior Wall Systems, Inc., and Brian Donaldson during the three-year period preceding the filing of this Complaint.**

## Defendant, Jurisdiction, and Venue

26. Defendant Superior Wall Systems, Incorporated, is a Texas domestic for-profit corporation and an "employer" as defined by the FLSA. This Defendant may be served through its registered agent, Brian Donaldson, 11911 Hope Lane, Magnolia, Texas 77354, or wherever the registered agent may be found.

27. Defendant Superior Wall Systems, Inc., is a Texas domestic for-profit corporation and an "employer" as defined by the FLSA. This Defendant may be served through its registered agent, Brian Donaldson, 11911 Hope Lane, Magnolia, Texas 77354, or wherever the registered agent may be found.

28. Defendant, Brian Donaldson may be served with process at 11911 Hope Lane, Magnolia, Texas 77354, or wherever he may be found.

29. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiffs transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

30. Plaintiff demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons performing construction work for and who are/were employed by Superior Wall Systems, Inc., and/or Superior Wall Systems, Incorporated, and Brian Donaldson, during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;

2. Judgment against Defendants for an amount equal to Plaintiff's and the similarly situated individuals who elect to opt into this case unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and
8. For such further relief as the Court deems just and equitable.

    Respectfully Submitted,
**THE BUENKER LAW FIRM**

*/s/ Thomas H. Padgett, Jr.*
Thomas H. Padgett, Jr.
TBA No. 15405420
tpadgett@buenkerlaw.com
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**